Adam J Schwartz (SBN 251831)
E-service: adam@ajschwartzlaw.com
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
(323) 455-4016

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CALIBER HOME LOANS, INC.<br><br>Defendant. | Case No. 5:22-cv-05680<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Samuel Katz ("Mr. Katz"), by his undersigned counsel, for this class action complaint against Defendant Caliber Home Loans, Inc. ("Caliber Home") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I.   INTRODUCTION

1.   <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone

marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff, individually and as class representatives for all others similarly situated, brings this action against Caliber Home for violations of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including their own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.      PARTIES

5.   Plaintiff Katz is an individual.

6.   Defendant Caliber Home Loans, Inc. is a California corporation that is located in this District.

## III.      JURISDICTION AND VENUE

7.   <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.   <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because their conduct at issue was sent into this District.

9.   <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred from this District.

10. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff Ingram's claims—namely, the direction of the illegal telemarketing—occurred in this District.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

11.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B.    Defendant's Unsolicited Telemarketing to Plaintiff

16.    Plaintiff Katz is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.    Plaintiff's residential telephone number is (207)-802-XXXX, is on the National Do Not Call Registry for more than a year prior to the calls at issue.

18.    Mr. Katz uses the number for personal, residential, and household reasons.

- 4 -
COMPL.
*Katz v. Caliber Home*

19.     Plaintiff Katz never consented to receive calls from Caliber Home.

20.     Plaintiff Katz never did business with Caliber Home.

21.     Despite this, the Plaintiff got calls from the Defendant in 2022, including on May 26, June 4, 20, 22 and July 5, 2022.

22.     All of the call came from the same Caller ID, (207) 203-7685.

23.     The calls were unwanted, so the Plaintiff did not answer the first calls.

24.     However, the Plaintiff answered the last call.

25.     On that call, Caliber Home Loans services were offered.

26.     The call offered a VA, conventional or FHA loan.

27.     The caller asked the Plaintiff to ensure he hadn't had a recent bankruptcy.

28.     The caller also asked about the Plaintiff's credit score and ensure that he did not have more than $10,000 in credit card debt.

29.     The call offered the Defendant's services from the Caliber Home Loan Mortgage Refinance Team.

30.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

31.     The Plaintiff never provided his consent or requested these calls.

32.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## V.    CLASS ACTION ALLEGATIONS

33.    <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

34.     Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35.    The Class, as defined above, is identifiable through telephone records and telephone number databases.

36.    The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

37.    Individual joinder of these persons is impracticable.

38.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39.    Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

40.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of his privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41.    This class action complaint seeks injunctive relief and money damages.

42.     There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.     whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.     whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43.     Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

44.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The

interests of individual members of the Class in individually controlling the prosecution of

separate claims against Defendant are small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly

more difficulties than are presented in many class claims. Class treatment is superior to multiple

individual suits or piecemeal litigation because it conserves judicial resources, promotes

consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class

action.

47.    Defendant has acted on grounds generally applicable to the Class, thereby making

final injunctive relief and corresponding declaratory relief with respect to the Class appropriate

on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone

solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities

acting on Defendant's behalf that are complained of herein are substantially likely to continue in

the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by

reference herein.

49.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or

other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

50. Defendant's violations were negligent, willful, or knowing.

51. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

52. Plaintiff and the members of the National Do Not Call Registry Class is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

1

F.      An award to Plaintiff and the Class of damages, as allowed by law; and

2

G.      Orders granting such other and further relief as the Court deems necessary, just,

3

and proper.

4

## VI.      DEMAND FOR JURY

5

6

Plaintiff demands a trial by jury for all issues so triable.

7

## VII.     SIGNATURE ATTESTATION

8

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained

9

from each of its other signatories.

10

11

12

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2022.

13

14

By: */s/ Adam J Schwartz*

15

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
anthony@paronichlaw.com

16

PARONICH LAW, P.C.

17

350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

18

Telephone: (617) 738-7080
Facsimile: (617) 830-0327

19

20

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*

21

aheidarpour@hlfirm.com

22

HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Avenue NW, 190-318

23

Washington, DC 20004
Telephone: (202) 234-2727

24

25

*Attorneys for Plaintiff and the Proposed Classes*

26

27

28